THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

GLOBAL CROSSINGS
TELECOMMUNICATIONS, INC., a
Michigan corporation; QWEST
COMMUNICATIONS COMPANY,
LLC, a Delaware limited liability
company; SWITCH & DATA
FACILITIES CO., INC., a Delaware
corporation; LIBERTY MUTUAL FIRE
INSURANCE COMPANY, a
Massachusetts corporation,

CASE NO. C11-1464-JCC

ORDER DROPPING PLAINTIFF
LIBERTY MUTUAL FIRE
INSURANCE COMPANY AS
PARTY

15

Plaintiffs,

16          v.

17
18

MCKINSTRY CO., LLC, a Washington
limited liability company,

19

Defendant.

20
21      This matter comes before the Court on Plaintiff Liberty Mutual Fire Insurance

22  Company's response to the Court's second order to show cause. For the foregoing reasons, the

23  Court hereby DROPS Liberty Mutual as a party to this case.

24      Liberty Mutual's filings in this case, from the beginning, are an example of what *not* to

25  do when trying to get one's case heard in federal court. Rule 8(a)(1) of the Federal Rules of Civil

26  Procedure requires a pleading to contain "a short and plain statement of the grounds for the

ORDER DROPPING PLAINTIFF LIBERTY
MUTUAL FIRE INSURANCE COMPANY AS
PARTY
PAGE - 1

1    court's jurisdiction." At the time Liberty Mutual filed its complaint, Ninth Circuit law clearly

2    established that "the insured, and only the insured, [has the substantive right] to sue for tort

3    damages in subrogation actions [under Washington law]." *Allstate Ins. Co. v. Hughes*, 358 F.3d

4    1089, 1094 (9th Cir. 2004). Despite this legal backdrop, Liberty Mutual filed what appeared to

5    be a classic subrogation action in its own name, alleging diversity jurisdiction under 28 U.S.C.

6    § 1332, without explaining why its non-diverse insureds (which Liberty Mutual, and thus the

7    Court, refers to as "Clise") were not the real parties in interest—*i.e.*, without providing a "a short

8    and plain statement of the grounds for the court's [diversity] jurisdiction." Nowhere in its

9    complaint did it allege that Clise had assigned to Liberty Mutual its right to sue McKinstry.

10   Nowhere in its complaint did it put this Court on notice that it was *not* pursuing a classic

11   subrogation action. Perhaps it hoped the Court wouldn't notice.

12           The Court noticed. Only after the Court issued an order to show cause did Liberty Mutual

13   bother to inform the Court that Clise had assigned to Liberty Mutual its right to sue McKinstry,

14   thus distinguishing this case from a classic subrogation action. However, nowhere in its response

15   did Liberty Mutual inform the Court that it had *not* reimbursed Clise for the entire loss Clise

16   suffered as a result of the water leak at issue in this case. Perhaps it again hoped the Court

17   wouldn't notice.

18           This time, Defendant noticed. McKinstry—not Liberty Mutual—brought the deductible

19   clause of the insurance policy to the Court's attention. At that point, it became clear that Liberty

20   Mutual had also failed to comply with Rule 17(a)(1) of the Federal Rules of Civil Procedure.

21   That rule requires that "[a]n action [] be prosecuted in the name of the real party in interest."

22   *Both* Liberty Mutual *and* Clise are, unmistakably, real parties in interest to this lawsuit: The

23   complaint asks for damages sustained by Liberty Mutual "and/or its insured"—*i.e.*, for the full

24   loss, not just the amount Liberty Mutual reimbursed Clise. Yet Liberty Mutual never named

25   Clise as a plaintiff. Liberty Mutual's reason for flouting Rule 17(a)(1) is clear: Naming Clise as a

26   plaintiff would have destroyed this Court's jurisdiction. Perhaps it again hoped the Court

ORDER DROPPING PLAINTIFF LIBERTY
MUTUAL FIRE INSURANCE COMPANY AS
PARTY
PAGE - 2

1    wouldn't notice.

2          The Court noticed. Liberty Mutual now asks for the Court's leave to amend its complaint

3    to clarify that it is seeking only $5,279,915.66—and not also, on Clise's behalf, the $25,000 loss

4    that Clise suffered.

5          Too little, too late. The Court will not tolerate these games. Insurance companies are

6    sophisticated parties, with sophisticated lawyers at their disposal, who know the difference

7    between subrogation and assignment and are familiar with the real-party-in-interest rule. They

8    may not knowingly file a jurisdictionally-lacking complaint, close their eyes, hope for the best,

9    and suffer no consequences once the jurisdictional defect surfaces.

10         Even if this Court were to grant Liberty Mutual's motion for leave to amend its

11   complaint, it would find jurisdiction lacking on the basis that Clise is an indispensible party to

12   Liberty Mutual's lawsuit that destroys the Court's diversity jurisdiction. *See* Fed. R. Civ. P.

13   19(b). Liberty Mutual assures the Court that Clise has no intention of ever filing a claim against

14   McKinstry, and so McKinstry will not be prejudiced by proceeding only against Liberty Mutual.

15   The Court has no doubt that Liberty Mutual is willing to say anything—and get Clise to say

16   anything—to keep this case on schedule in federal court. But Clise's promises are not enough to

17   convince the Court of its indispensability. If the Court were to grant Liberty Mutual leave to

18   amend its complaint so as to demand only its $5,279,915.66 loss, the Court would render it a

19   certainty that Clise would never receive compensation for the $25,000 loss it allegedly suffered

20   as a result of the leak. The Court can avoid that prejudice to Clise only by dropping Liberty

21   Mutual from this lawsuit and allowing it to file its original complaint—for the entire loss, on

22   behalf of itself and Clise—in state court. *See* Fed. R. Civ. P. 19(b)(1) (court should consider "the

23   extent to which a judgment rendered in the person's absence might prejudice that person" in

24   determining "whether, in equity and good conscience, the action should proceed among the

25

26

ORDER DROPPING PLAINTIFF LIBERTY
MUTUAL FIRE INSURANCE COMPANY AS
PARTY
PAGE - 3

1    existing parties or should be dismissed").[1] Moreover, Liberty Mutual has an entirely "adequate

2    remedy if the action [is] dismissed for nonjoinder," Fed. R. Civ. P. 19(b)(4): It can file its

3    complaint in state court. These factors weigh in favor of a determination that Clise is an

4    indispensable party to Liberty Mutual's lawsuit, and the Court so finds. *See, e.g.*, *Axis Ins. Co. v.*

5    *Hall*, --- F.R.D. ----, 2012 WL 5879136, at *4–9 (D. Me. 2012) (holding that partially-

6    reimbursed, non-diverse insured was indispensable party, and dismissing for lack of diversity

7    jurisdiction); *Universal Underwriters Ins. Co. v. Tony DePaul & Sons, Inc.*, No. 01–0631, 2001

8    WL 1175146, at *2–3 (E.D. Pa. Jul. 25, 2001) (same); *Travelers Indem. Co. v. Westinghouse*

9    *Elec. Co.*, 429 F.2d 77, 79–80 (5th Cir. 1970); *Reliance Ins. Co. v. Wis. Natural Gas Co.*, 60

10   F.R.D. 429, 431–32 (E.D. Wis. 1973); *Potomac Elec. Power Co. v. Babcock & Wilcox Co.*, 54

11   F.R.D. 486, 490–93 (D. Md. 1972).

12          Although Clise is an indispensable party to Liberty Mutual's lawsuit, Liberty Mutual is

13   not an indispensable party to the remaining Plaintiffs' lawsuit. Thus, the Court DROPS Liberty

14   Mutual as a party. *See* Fed. R. Civ. P. 21. The remaining Plaintiffs have advised the Court that

15   they have settled their claims against McKinstry. The Court thus respectfully DIRECTS the

16   Clerk to TERMINATE McKinstry's motion for summary judgment (Dkt. No. 23), Plaintiffs'

17   motion to exclude McKinstry's expert (Dkt. No. 38), Plaintiffs' motion for partial summary

18   judgment (Dkt. No. 58), and McKinstry's motion to strike Plaintiffs' reply (Dkt. No. 81), and to

19   VACATE the trial of this matter scheduled for March 18, 2013. The Court ORDERS the

20   remaining parties, within thirty days, to file either a notice of settlement and stipulation of

---

22          [1] Indeed, Washington regulators appear to have been concerned with exactly this kind of
23   prejudice to insureds when they promulgated Washington Administrative Code § 284-30-393,
     which provides that "[t]he insurer must include the insured's deductible, if any, in its subrogation
     demands." If an insurer could avoid its § 284-30-393 obligation by calling a subrogation an
24   assignment, and thereafter pursuing an action for recovery only of the amount it reimbursed its
     insured, that regulation would be rendered toothless. There is thus at least reason to doubt
25   whether Liberty Mutual *can* amend its complaint to drop its demand for Clise's deductible (and
     if it cannot, then Clise is a real party in interest to this action that destroys this Court's diversity
26   jurisdiction). The Court need not reach this issue given its finding of Clise's indispensability.

1  dismissal, or a joint status report explaining their failure to do so. *See* Fed. R. Civ. P.

2  41(a)(1)(A)(ii).

3       DATED this 4th day of February 2013.

4

5

6

7

8

9  _____

10  John C. Coughenour
    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DROPPING PLAINTIFF LIBERTY
MUTUAL FIRE INSURANCE COMPANY AS
PARTY
PAGE - 5